### FAILURE TO ESTABLISH A PARTNERSHIP.

Circuit Court of Cuyahoga County.

P. E. NIELSEN v. C. E. TAYLOR.*

Decided, May 24, 1909.

*Partnership—Representations to Third Person Not Conclusive.*

It is not conclusive that a partnership exists between two persons that they represented themselves as partners in their dealings with third persons, if plausible reasons are given for so representing themselves, and the evidence otherwise establishes the fact that no partnership in fact existed between them.

MARVIN, J.; HENRY, J., concurs; WINCH, J., not sitting.

The relation of the parties here is the reverse of the relation in which they stood in the court below. The terms plaintiff and defendant however, as used in this opinion, refer to the parties as they stood in the original case.

Several suits were brought by the plaintiff against the defendant, each upon an account for services claimed to have been rendered by the plaintiff to the defendant. In each case the defendant answered that whatever services were rendered by the plaintiff were rendered not to the defendant, but as a member of a co-partnership composed of the plaintiff and the defendant. These several cases were originally brought before a justice of the peace and each was appealed to the court of common pleas, where they were consolidated and tried as one case. It was admitted at the trial, that if the plaintiff was entitled to recover the amount claimed in the several actions was the proper amount, so that the only issue submitted to the jury

---

* Affirmed without opinion, *Nielson* v. *Taylor*, 83 Ohio State, 442.

was the question of whether the plaintiff and defendant were partners at the time the services were rendered. The jury returned a verdict for the plaintiff and judgment was entered upon that verdict, and it is to reverse this judgment the present proceeding is prosecuted.

The charge to the jury is not complained of and the only question left for this court to pass upon is whether the verdict is so manifestly against the weight of the evidence as to require a reversal. The plaintiff testified unequivocally that he was employed by the defendant for which he was to be paid $100 a month and to receive one-third of whatever profits should be made out of a business in which he was so employed by the defendant. He said the only talk of partnership between him and the defendant was that the defendant held out to him that he might thereafter become a partner. The defendant, however, testifies that a partnership was formed and he introduces two contracts, one of the date of July 20, 1905, the opening sentence of which reads:

"This agreement entered into this 20th day of July, 1905, between the American Automatic Weighing Machine Co., party of the first part and the N. C. T. Stamping & Mfg. Co., composed of P. E. Nielsen and C. E. Taylor, parties of the second part."

This is a contract by which the party of the second part contracted to manufacture certain machines for the party of the first part, and it is signed on behalf of the party of the second part by P. E. Nielsen and Charles E. Taylor, the plaintiff and the defendant in this action. Another contract was introduced, the opening sentence of which reads: "Articles of agreement made and concluded at Cleveland, Ohio, this 11th day of December, 1906, and by and between N. E. Nielsen and C. E. Taylor, known as the N. C. T. Stamping & Mfg. Co. party of the first part," and "John H. Williams, party of the second part," and this is a contract whereby the party of the first part undertook to manufacture certain devices for the party of the second part, and this is signed on behalf of the parties of the first part in these words: "N. C. T. Stamping & Mfg. Co., by C. E. Taylor, P. E. Nielsen."

The name C. E. Taylor as appears upon each of these contracts is admitted by the plaintiff to have been written by himself, and these two contracts unexplained, tend strongly to support the proposition that Taylor was a partner in this business carried on as the N. C. T. Stamping & Mfg. Co., but the testimony of the plaintiff is that he signed these with Nielsen to aid him in securing two contracts and that whatever they tended to represent to the other parties and to the contracts they did not represent the true relation between himself and Nielsen. The jury believed Taylor's testimony. We find no reason why they should not have believed it. Believing it, they returned the only verdict which could have been returned properly, and the judgment is affirmed.